ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| SUN WEST MORTGAGE COMPANY, INC.<br><br>Recurrido<br><br>V.<br><br>VANESSA AYALA OCASIO<br><br>Peticionaria | KLCE202400024 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: MT2018CV00275<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca (Vía Ordinaria) |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 25 de enero de 2024.

El 8 de enero de 2024 Vanessa Ayala Ocasio (señora Ayala Ocasio o peticionaria), presentó un recurso de C*ertiorari* para que revisemos y revoquemos una orden del 2 de noviembre de 2023 emitida por el Tribunal de Primera Instancia, Sala de Manatí (TPI). Mediante esta orden el foro primario decretó referir a las partes al Centro de Mediación de Conflictos y dejar en suspenso la solicitud de Sentencia Sumaria que presentó Sun West Mortgage Company, Inc., (Sun West o recurrido) hasta el resultado de mediación.

Este 24 de enero, la peticionaria presentó una Moción en Auxilio de Jurisdicción.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso por falta de jurisdicción por tardío. Exponemos.

# I.

El 12 de noviembre de 2018 Sun West Mortgage Company, Inc., presentó una demanda de cobro de dinero y ejecución de hipoteca por la vía ordinaria, contra Vanessa Ayala Ocasio.

El 1 de marzo de 2019 Ayala Ocasio contestó la demanda e interpuso una Reconvención.  Luego de otros trámites, el 24 de agosto de 2023, Sun West presentó un escrito titulado Enmienda a Solicitud de Sentencia Sumaria.

El 19 de septiembre de 2023, Ayala Ocasio presentó una *Moción en Cumplimiento de Orden:  Carece en la actualidad de jurisdicción el Honorable Tribunal para disponer por vía de sentencia sumaria u otra medida dispositiva del caso de autos*.  En síntesis, la peticionaria alegó que no se había llevado a cabo la mediación hipotecaria de conformidad con lo dispuesto en la *Ley* para *Mediación Compulsoria y Preservación de tu Hogar en los procesos de Ejecuciones de Hipotecas de una Vivienda Principal*, Ley Núm. 184-2012.  A esos efectos, solicitó al foro primario que declarase *No Ha Lugar* la moción de sentencia sumaria.

Luego de otros escritos, el **2 de noviembre de 2023** el TPI emitió y notificó la siguiente orden:

> Se refiere a las partes de epígrafe al Centro de Mediación de Conflictos.
>
> A la solicitud de Sentencia Sumaria quedará en suspenso hasta el resultado de mediación.  Véase orden de referido.

El **sábado, 18 de noviembre de 2023** Ayala Ocasio presentó una Moción de Reconsideración. Luego de otros trámites, el Tribunal denegó la reconsideración el 8 de diciembre de 2023.

En desacuerdo, Ayala Ocasio presentó el presente recurso de *Certiorari*, en el que arguyó que el foro primario incidió al:

> Error Primero: Erra el Tribunal de Primera Instancia al disponer que la Sentencia Sumaria queda en suspenso, toda vez que impone un elemento de

coacción sobre la Parte Demandada Recurrente, privándola del ejercicio de voluntariedad y libre determinación de sus actos de conformidad con la reglamentación y la jurisprudencia vigente para procesos de mediación general, y de mediación hipotecarias vigentes en Puerto Rico según la Ley 184-2012, según enmendada.

Error Segundo: Erra el Tribunal de Primera Instancia al dejar en suspenso la Sentencia Sumaria, lo cual constituye una violación a la Reglamentación X, de la Ley Dodd-Frank Act de 2010, la cual expresamente prohíbe el llamado doble carril en la litigación, o dual tracking en inglés, al dejar en suspenso una moción dispositiva luego que la Parte Demandada hace unos meses atrás presentara una solicitud completa de Mitigación de Perdida, luego de haber comparecido a todas las secciones de mediación, pese a la incomparecencia de la Parte Demandante.

Luego de una evaluación preliminar del recurso, le concedimos término a la parte recurrida para presentar su posición en torno a lo solicitado en el Recurso. No obstante, prescindimos de este escrito, en virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, con el propósito de disponer el recurso de manera eficiente.

Entretanto y según informamos, el 24 de enero, la peticionaria presentó una Moción en Auxilio de Jurisdicción.

**II.**

**A.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias con efecto vinculante para las partes. MCS Advantage, Inc. v. Fossas Blanco, et al., 211 DPR 135 (2023); Adm. Terrenos v. Ponce Bayland, 207 DPR 586, 600 (2021); Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 385-386 (2020); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020). Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, el foro examinará y evaluará con rigurosidad el asunto

jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Allied Mgmt. Group v. Oriental Bank, *supra*; Véase, además, MCS Advantage, Inc. v. Fossas Blanco, *supra*.

Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía a cualesquier otros. Allied Mgmt. Group v. Oriental Bank, *supra*. Así pues, cuando un tribunal determina que carece de jurisdicción sobre la materia para atender determinado asunto, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. MCS Advantage, Inc. v. Fossas Blanco, *supra*; Allied Mgmt. Group v. Oriental Bank, *supra*, pág. 386. De esta forma, la Regla 83 de nuestro reglamento, 4 LPRA Ap. XXII-B, R. 83, nos faculta para desestimar *motu proprio* o a solicitud de parte un recurso sobre el cual no tenemos jurisdicción.

**B.**

La Regla 32 (D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece que "el recurso de *certiorari* para

revisar cualquier otra resolución u orden […] se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida.    Este término es de cumplimiento estricto."

A su vez, la Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, dispone que,

> Los recursos de certiorari al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán ser presentados dentro del término de **treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida**. El término aquí dispuesto es de **cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de certiorari**. (Énfasis dado)

Así pues, los recursos de *certiorari* ante el Tribunal de Apelaciones para revisar resoluciones u órdenes interlocutorias, deberán presentarse dentro del término de treinta (30) días desde la fecha de notificación de la resolución u orden. AFI v. Carrión Marrero y otros, 209 DPR 1, 5 (2022).  De igual forma, la Regla 52.2 establece múltiples instancias en las que el aludido término puede ser interrumpido.  En lo pertinente, la Regla 52.2(g) dispone lo siguiente:

> (g) Interrupción del término para presentar una solicitud de certiorari ante el Tribunal de Apelaciones. El transcurso del término para presentar ante el Tribunal de Apelaciones una solicitud de certiorari se interrumpirá y comenzará a contarse de nuevo en conformidad con lo dispuesto en la Regla 47.

La aludida Regla 47 de Procedimiento Civil, 32 LPRA, Ap. V, R. 47, dispone en lo aquí pertinente como sigue:

> La parte adversamente afectada por una orden o resolución del tribunal de Primera Instancia podrá, dentro del término de **cumplimiento estricto** de

> **quince (15) días** desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
> [...]
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto. (Énfasis suplido).

La moción de reconsideración es uno de los actos determinados que, para que surta efectividad, demanda el cumplimiento con los requisitos que postula la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V. (Regla 47).

La Regla 47 es una herramienta que permite que el foro adjudicativo enmiende o corrija los errores incurridos al dictar una sentencia, resolución u orden. Simons y otros v. Leaf Pretroleum Corp., 209 DPR 216 (2022). La presentación de la moción de reconsideración repercute en la interrupción automática del término para invocar el socorro de un foro revisor. A tenor con la norma procesal, la parte promovente de la solicitud de reconsideración tendrá el término de quince días contado desde la fecha en que el tribunal archive en autos copia de la notificación de la sentencia, resolución u orden. Cuando el dictamen es una sentencia, el término es jurisdiccional y si son resoluciones u órdenes, el plazo es de cumplimiento estricto. Simons y otros v. Leaf Pretroleum Corp., 209 DPR 216 (2022); Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 731 (2016); Morales y otros v. The Sheraton Corp., 191 DPR 1, 7 (2014).

Como es conocido, para saber si la moción interrumpió el término para ir en alzada, el tribunal tiene que examinar si el promovente cumplió con los requisitos de la norma procesal. Es decir, una vez que el foro adjudicativo evalúe que **la presentación y la notificación fue oportuna**, resta que examine la particularidad y especificidad de los hechos y el derecho que el promovente entiende que el tribunal debe reconsiderar. Simons y otros v. Leaf Petroleum Corp., *supra.* Así pues, el efecto de interrupción automática de la moción de reconsideración **siempre está sujeto a los requerimientos de la Regla 47**. Simons y otros v. Leaf Petroleum Corp., *supra*; que cita a Morales y otros v. The Sheraton Corp., 191 DPR 1, 8 (2014).

A diferencia de un término jurisdiccional, un término de cumplimiento estricto puede  prorrogarse  siempre  y  cuando exista una justa causa.  Ahora bien, los tribunales no gozamos de discreción para prorrogar los términos de cumplimiento estricto automáticamente.  Rivera Marcucci et al v. Suiza Dairy, 196 DPR 157, 170 (2016); Toro Rivera v. ELA, 194 DPR 393, 414 (2015); Soto Pino v. Uno Radio Group, 189 DPR 84 (2013); Montañez Leduc v. Robinson Santana, *supra*.

Los foros adjudicativos poseen discreción para extender un término de cumplimiento estricto, solamente cuando la parte que lo  solicita   demuestra justa causa para  la  tardanza.   Rivera Marcucci v. Suiza Dairy Inc., *supra*, pág. 171. Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido. Íd.

La justa causa se acredita mediante explicaciones concretas y particulares, -debidamente evidenciadas en el escrito- que le

permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Rivera Marcucci v. Suiza Dairy Inc., *supra*, pág. 171; citando a Soto Pino v. Uno Radio Group, supra. Por otro lado, no constituyen justa causa las "vaguedades y las excusas o planteamientos estereotipados". De lo contrario, la acreditación de la justa causa se convertiría en un juego de "mero automatismo" con justificaciones genéricas carentes de los detalles que causaron la dilación. Rivera Marcucci v. Suiza Dairy Inc., *supra*, pág. 171-172.

Por consiguiente, para establecer justa causa, la parte deberá demostrar al tribunal 1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida. Rivera Marcucci et al v. Suiza Dairy, *supra*, pág. 171. En ausencia de alguna de estas dos condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto. Soto Pino v. Uno Radio Group, *supra,* pág. 93.

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo[...] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". Rivera Marcucci et al v. Suiza Dairy, *supra*, pág. 171, citando a Pueblo v. Fragoso Sierra, 109 DPR 536, 539 (1980).

Es un deber acreditar la existencia de justa causa, incluso **antes de que un tribunal se lo requiera**, si no se observa un término de cumplimiento estricto". Rivera Marcucci et al v. Suiza Dairy, *supra*, citando a Soto Pino v. Uno Radio Group, *supra*, pág. 97. (Énfasis suplido).

**III.**

Al examinar el tracto procesal que se siguió en esta causa, a la luz del marco jurídico antes expuesto, debemos concluir que *Moción de Reconsideración que presentó* la Peticionaria fue inoportuna. Por consiguiente, no interrumpió el término para recurrir en *Certiorari*.

La *Orden* de la cual recurre la Peticionaria fue emitida y notificada **el 2 de noviembre de 2023**. A partir de esa fecha, comenzó a transcurrir el término de quince (15) días de estricto cumplimiento que disponía la parte que no estuviese conforme, para presentar la moción de reconsideración. Este término venció el **17 de noviembre de 2023**. No obstante, surge del apéndice del recurso ante nuestra consideración, según corroboramos en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) entrada 199, que la Peticionaria presentó la Moción de Reconsideración el sábado, **18 de noviembre de 2023 a las 12:31pm.** Esto sin acreditar justa causa para la dilación en la presentación de la solicitud de Reconsideración, así como en la notificación a la otra parte. Incluso la Peticionaria, en el recurso que atendemos, aseveró que la Orden fue notificada el 2 de noviembre de 2023 y la reconsideración fue presentada el 18 de noviembre de 2023. Por tanto, a todas luces, la Reconsideración fue inoportuna.

Aun cuando el Tribunal de Primera Instancia atendió la moción de reconsideración, esa actuación no subsana el error en el incumplimiento con el término dispuesto para solicitar reconsideración y en acreditar justa causa. Más aun cuando los tribunales carecen de autoridad para prorrogar el término de cumplimiento estricto automáticamente.

Por consiguiente, al evaluar nuestra jurisdicción y la del foro de primera instancia, forzosamente debemos concluir que la moción de Reconsideración presentada al TPI fue tardía y no tuvo el efecto de interrumpir el término de treinta (30) día para acudir en *Certiorari* ante nos, a tenor con la Regla 52.2(b) de las de Procedimiento Civil y la Regla 32(D) de nuestro Reglamento. A tenor con lo anterior, carecemos de jurisdicción para atenderlo.

## IV.

Por los fundamentos antes expresados, desestimamos el recurso por falta de jurisdicción, junto con la solicitud de auxilio de jurisdicción presentada posteriormente, conforme a la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones